Daniel A. Johnson (State Bar No. 130724)
daj@sullivanjohnson.com
Daniel M. Sullivan (State Bar No. 132878)
dms@sullivanjohnson.com
Sullivan Johnson LLP
23480 Park Sorrento, Suite 217A
Calabasas, California 91302
Telephone (818) 591-9700
Facsimilie (818) 591-9707

Charles J. Sanders (State Bar No. 112202)
csanderslaw@aol.com
29 Kings Grant Way
Briarcliff Manor, New York 10510
Telephone (914) 332-7663
Facsimile (212) 922-3299

Attorneys for Plaintiff Jake Holmes

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE HOLMES, an individual<br><br>Plaintiff,<br><br>vs.<br><br>JAMES PATRICK PAGE aka JIMMY PAGE, WB MUSIC CORP., a California Corporation, SUPER HYPE PUBLISHING, INC., a New York Corporation, ATLANTIC RECORDING CORPORATION, a Delaware Corporation, RHINO ENTERTAINMENT COMPANY, a Delaware Corporation, and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. CV10-4789-DMG -PJW<br><br>**FIRST AMENDED COMPLAINT OF JAKE HOLMES FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

First Amended Complaint Of Jake Holmes For Copyright Infringement

Comes now Plaintiff Jake Holmes ("Plaintiff"), by and through his counsel of record herein, and, for his Complaint against, and Does 1 through 10 inclusive, alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a). Venue is proper in this District under 28 U.S.C. § 1400(a).

## PARTIES

2. Plaintiff Holmes is an individual who resides in Westchester County, New York. Plaintiff owns the copyright in the musical composition entitled "Dazed and Confused."

3. Plaintiff is informed and believes, and thereupon alleges, that Defendant James Patrick Page (aka "Jimmy Page") ("Page") is an individual who resides in England. Plaintiff is informed and believes, and thereupon alleges, that Page does substantial, continuous and systematic business in the State of California and in this judicial district.

4. Defendant WB Music Corp. ("WB") is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles, California. Defendant Super Hype Publishing, Inc. ("SHP") is a corporation organized and existing under the laws of the State of New York. Plaintiff is informed and believes, and thereupon alleges, that WB and SHP do substantial, continuous and systematic business in the State of California and in this judicial district. Plaintiff is informed and believes, and thereupon alleges, that that SHP and WB are subsidiaries of Warner/Chappell Music, Inc. ("WCM"), a global music publishing company headquartered in Los Angeles, California, and

that WCM, SHP and WB are subsidiaries of Warner Music Group Corp. ("WMG"). Defendant Atlantic Recording Corporation ("Atlantic") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York. Atlantic and is and was at all times mentioned herein qualified to do business in the State of California and does substantial, continuous and systematic business in the State of California and in this judicial district. Atlantic maintains offices in the city of Burbank, Los Angeles County. Defendant Rhino Entertainment Company ("Rhino") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York. Rhino and is and was at all times mentioned herein qualified to do business in the State of California and does substantial, continuous and systematic business in the State of California and in this judicial district. Rhino maintains offices in the city of Burbank, Los Angeles County. Plaintiff is informed and believes, and thereupon alleges, that WB, SHP, WCM, Atlantic and Rhino are affiliated corporations that share WMG as the ultimate parent.

5. The true names, conduct and capacities of Defendants sued as Does 1 through 10, inclusive, are presently unknown to Plaintiff who, therefore, sues these Defendants by such fictitious names. Plaintiff will include these Doe Defendants' true names and capacities when they are ascertained. Each of the fictitiously named Defendants is responsible in some manner, including, *inter alia*, as contributory infringers, aiders and abettors, co-conspirators, and/or agents for the conduct alleged herein and for the injuries suffered by Plaintiff.

6. Plaintiff is informed and believes, and thereupon alleges that, at all times mentioned herein, each and every Defendant was an agent, partner, representative, affiliate, employee, alter ego, or co-conspirator of each and every other Defendant, and in doing the things alleged herein, each and every Defendant was acting pursuant to such conspiracy and/or within the course and scope of such

agency, representation, affiliation, control or employment and was acting with the consent, permission and authorization of the other Defendants (except where otherwise noted). Plaintiff is further informed and believes, and thereupon alleges, that each Defendant who joined a conspiracy after its formation ratified, adopted and is liable for all acts committed in furtherance of the conspiracy including those committed before such Defendant joined the conspiracy.

7. Whenever this Complaint refers to any act or acts of a Defendant, the reference shall also be deemed to mean that the directors, officers, employees, affiliates, controlling companies or agents of the responsible Defendant authorized such act while actively engaged in the management, direction or control of the affairs of Defendant, and each of them, and/or by persons who are the alter ego of Defendants, or while acting within the scope of their agency, affiliation, control or employment. Whenever this Complaint refers to any act of Defendants, the reference shall be deemed to be the act of each Defendant, jointly and severally.

## FIRST CLAIM FOR RELIEF
## FOR COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS

8. Plaintiff repeats and realleges Paragraphs 1 through 7 of this First Amended Complaint as if fully set forth herein

9. Plaintiff is the owner of the copyright in the composition entitled "Dazed and Confused." Plaintiff's copyright in "Dazed and Confused" was registered with the United States Copyright Office on or about July 18, 1967 and bears Registration No. EU0000005346. Plaintiff's duly renewed copyright registration in "Dazed and Confused" was filed with the United States Copyright Office on or about December 7, 1995 and bears Renewal Registration No. RE0000712016. Plaintiff's copyright in "Dazed and Confused" shall sometimes hereinafter be referred to as "Plaintiff's Dazed and Confused."

10. Without authorization or permission from Plaintiff, Page copied Plaintiff's Dazed and Confused in purporting to author a composition Page also entitled "Dazed and Confused" (the composition "Dazed and Confused" purportedly authored by Page shall hereinafter be referred to as the "Infringing Work"). In creating and exploiting the Infringing Work, Page knowingly and willfully infringed on Plaintiff's Dazed and Confused. Plaintiff is informed and believes, and thereupon alleges, that, at all times relevant hereto, WB and SHP acted as Page's publisher and/or administrator with respect to the Infringing Work. Plaintiff is informed and believes, and thereupon alleges, that, at all times relevant hereto, WB, SHP, Atlantic and Rhino had specific knowledge that the Infringing Work infringed on Plaintiff's Dazed and Confused. Plaintiff is further informed and believes, and thereupon alleges, that all of Page's knowledge and actions in connection with the Infringing Work are imputed to WB, SHP, Atlantic and Rhino based on their status, *inter alia*, as Page's trustee in connection with copyrights Page conveyed to WB, SHP, Atlantic or Rhino in return for periodic payment of royalties.

11. Within the three years prior to the filing of this action, Page willfully infringed and, on information and belief, WB and SHP infringed (on information and belief willfully) Plaintiff's exclusive rights in Plaintiff's Dazed and Confused copyright by, without permission, licensing, exploiting, purporting to authorize use and performances of, and collecting royalties and license fees relating to, the Infringing Work in connection with at least the following sound recordings: Led Zeppelin (aka "Led Zeppelin I"), The Song Remains The Same, BBC Sessions, How The West Was Won, and Mothership. Plaintiff is informed and believes, and thereupon alleges, that within the three years prior to the filing of this action, Page willfully infringed and, on information and belief, WB and SHP infringed (on information and belief willfully) Plaintiff's exclusive rights in Plaintiff's "Dazed and Confused" copyright by, without permission, licensing, exploiting, purporting

4

**First Amended Complaint Of Jake Holmes For Copyright Infringement**

to authorize use and performances of, and collecting royalties and license fees relating to, the Infringing Work in connection with sound recordings in addition to those identified in this paragraph

12. Within the three years prior to the filing of this action, Page willfully infringed and, on information and belief, WB and SHP infringed (on information and belief willfully) Plaintiff's exclusive rights in Plaintiff's "Dazed and Confused" copyright by, without permission, licensing, exploiting, purporting to authorize use and performances of, and collecting royalties and license fees relating to, the Infringing Work in connection with at least the following audio-visual works: Led Zeppelin (DVD Box Set), The Song Remains the Same, Mothership (Bonus DVD).

13. Within the three years prior to the filing of this action, Atlantic infringed (on information and belief willfully) Plaintiff's exclusive rights in Plaintiff's "Dazed and Confused" copyright by, without permission, licensing, exploiting, purporting to authorize use and performances of, and collecting royalties and license fees relating to, the Infringing Work in connection with at least the following sound recordings: Led Zeppelin (aka "Led Zeppelin I"), The Song Remains The Same, BBC Sessions, How The West Was Won and Mothership. Within the three years prior to the filing of this action, Rhino infringed (on information and belief willfully) Plaintiff's exclusive rights in Plaintiff's Dazed and Confused copyright by, without permission, licensing, exploiting, purporting to authorize use and performances of, and collecting royalties and license fees relating to, the Infringing Work in connection with at least the Mothership sound recording.

14. Within the three years prior to the filing of this action, Atlantic infringed (on information and belief willfully) Plaintiff's exclusive rights in Plaintiff's "Dazed and Confused" copyright by, without permission, licensing, exploiting, purporting to authorize use and performances of, and collecting royalties and

5
**First Amended Complaint Of Jake Holmes For Copyright Infringement**

license fees relating to, the Infringing Work in connection with at least the following audio-visual works: Led Zeppelin (DVD Box Set), The Song Remains the Same, Mothership (Bonus DVD). Within the three years prior to the filing of this action, Rhino infringed (on information and belief willfully) Plaintiff's exclusive rights in Plaintiff's "Dazed and Confused" copyright by, without permission, licensing, exploiting, purporting to authorize use and performances of, and collecting royalties and license fees relating to, the Infringing Work in connection with at least the following the Mothership (Bonus DVD) audio-visual work.

15. Plaintiff is entitled to his actual damages sustained within the three years prior to the filing of this action and to Defendants' profits from the willful infringement of Plaintiff's Dazed and Confused in an amount according to proof at trial or, at his election, statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504. Plaintiff is also entitled to an accounting in connection with Defendants' unauthorized use of the Infringing Work. Plaintiff also is entitled to attorneys' fees pursuant to 17 U.S.C. § 504.

WHEREFORE, Plaintiff prays for judgment as set forth hereinafter.

i. For actual damages according to proof at trial;

ii. For Defendants' profits in an amount according to proof at trial or, at his election;

iii. For statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504;

iv. For an accounting in connection with Defendants' unauthorized use of the Infringing Work;

iv. For attorneys' fees pursuant to 17 U.S.C. § 504;

xxv. For costs of suit incurred;

**First Amended Complaint Of Jake Holmes For Copyright Infringement**

xxvi. For interest, prejudgment interest and post-judgment interest according to proof at trial;

xxvii. For such other and further relief as this Court may deem just and proper.

Dated: August 16, 2010          By *(signature)*
                                Daniel A. Johnson
                                Sullivan Johnson LLP
                                **Attorneys for Plaintiff Jake Holmes**

7
**First Amended Complaint Of Jake Holmes For Copyright Infringement**

xxvi. For interest, prejudgment interest and post-judgment interest according to proof at trial;

xxvii. For such other and further relief as this Court may deem just and proper.

Dated: August 16, 2010          By *(signature)*
                                Daniel A. Johnson
                                Sullivan Johnson LLP
                                **Attorneys for Plaintiff Jake Holmes**

## DEMAND FOR A JURY TRIAL

Plaintiff Jake Holmes requests a trial by jury on all issues for which he is entitled to a jury.

Dated: August 16, 2010     By _____
Daniel A. Johnson
Sullivan Johnson LLP
**Attorneys for Plaintiff Jake Holmes**